Present —
Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.
In the Matter of the Claim of ANGELINE HOCHMUTH, as Administratrix of the Estate of HELEN MICHALSKI, Deceased, Respondent, v. DRYDEN MACHINE CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

Present — Coon,
J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

THOMAS CHIMERI, Respondent, v. PADDOCK POOL BUILDERS, INC.,
Appellant.—

Bergan, P. J., Coon, Reynolds and Taylor, JJ., concur; Gibson, J., dissents and
votes to affirm in the following memorandum: Other than the jurisdictional
objection discussed in the majority memorandum, the only issue raised by
appellant is the contention advanced as the second point of its brief that plaintiff
had no right to file a note of issue prior to service of the complaint, which was,
however, later served — some 39 days prior to the day of trial. It is not at all
clear that the objection was raised in the court below but it may be assumed
*arguendo* that it was inferentially the basis of defendant's motion "for time to
answer", which was denied on the ground that the action "has been on the
calendar for some time." Actually, however, the trial proceeded as a contested
issue and each party introduced proof. The note of issue was in literal com-
pliance with the statute permitting filing "subsequent to forty days after service
of [the] summons" (Civ. Prac. Act, § 433); but defendant should not, in any
event, be heard to object some six months thereafter and then only after the
case had been reached on the calendar, had been set down for trial on a day
certain (this, according to the uncontradicted statement in respondent's brief, in
pursuance of defendant's request for an adjournment to that time) and had
been reached for trial on that day. Further, the objection was not urged, if at
all, as a motion to strike the case from the calendar but apparently in support
of, and as the sole ground for defendant's application to open its default in
answering, which application was made orally after denial of the motion to
dismiss and in no way conformed to the legal requirements therefor, including
a showing of merits, which, indeed, defendant's proof upon the subsequent trial
completely failed to disclose.

TOMLINSON BROS. LIMITED, Respondent, v. STATE OF NEW YORK et al.,
Appellants. (Claim No. 34472.)